[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: APPLICATION FOR PREJUDGMENT REMEDY
The plaintiffs, purchasers of residential real estate instituted the present action against the sellers of the real estate, a real estate agent and a septic tank inspection company. The present proceeding involves an application of a prejudgment remedy as against the sellers of the property asserting that the defendant sellers knew or should have known of a defective septic tank system and failed to disclose that fact to the purchasers. As part of the contract for sale the sellers represented that "they have at no time experienced effluent coming to grade from the septic system and said septic system has required only routine maintenance and cleaning."
Prior owners of the home in question include Mr. Levy who owned the property from some time in 1986 to May 15, 1998 when it was sold to Mr. Schrek. Mr. Schrek did not live in the house but apparently did some repairs to the home until it was sold to the defendant owners in December of 1998. The defendants lived in the house from January of 1999 until September 2, 1999 when it was sold to the plaintiffs. The defendants testified that during their period of ownership they never experienced any problems with the septic tank system and had it cleaned on one occasion as part of normal maintenance. They also testified that they had no knowledge of any problems with the septic tank system and testified CT Page 7363 that they inquired of the prior owner who advised them that there were on problems with the septic tank system. The plaintiffs also had the septic tank system inspected before their purchase of the property and were advised that the system was working properly. After the purchase by the plaintiffs of the property in September of 1999, they experienced problems with the septic system in April of 2000 requiring the installation of a new septic tank system.
The contractor who installed the new septic tank system for the plaintiffs testified that he had been previously called to the property by Mr. Levy in 1998. As part of his investigation he dug test pits and advised Mr. Levy that the soil was unsuitable for a septic tank system in its present location. The contractor also testified that the septic system had not been changed between the time he investigated the system on behalf of Mr. Levy and the time that he replaced the system on behalf of the plaintiffs. He also testified that during the period of the ownership by the defendant owners it would be probable that the system would fail but that it was entirely possible that the system could fail without the knowledge of the defendants
The inspector of the septic system on behalf of the plaintiffs also testified that he had inspected the system previously on behalf of Mr. Schrek that time found that the system was not in proper working order because the water in the system had risen to the top of the flue although no effluent came above grade. . However, that information was also transmitted to the plaintiffs and the defendants. Defendants had no reason to believe that the system was not working properly at that time because the inspectors report at the time of the sale to the plaintiffs stated that the system was working properly.
The claims against the defendant owners are not based upon a guarantee or a warranty of the functioning of the septic system. The claims against these owners are based upon a claim that they knew or should have known of deficiencies in the septic tank system and failed to reveal those deficiencies to the plaintiffs. However, the evidence is not sufficient, even under a probable cause standard, to establish their knowledge of the deficiencies in the septic tank system particularly so in view of the contractors testimony that the system could not have been working properly during their period of ownership but the defendants might not be aware of that fact.
The application for prejudgment remedy is therefore denied.
RUSH, J.